**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shannon K. Randall, | No. CV-17-01474-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Maxwell & Morgan, P.C., an Arizona professional corporation, Rebecca Easton and Ryan Daniel Easton, | |
| Defendants. | |

Pending before the Court are Defendants Maxwell & Morgan, P.C., Rebecca Easton, and Ryan Daniel Easton's ("Defendants") Motion for Judgment on the Pleadings, (Doc. 45), Plaintiff Shannon K. Randall's ("Plaintiff") Motion for Summary Judgment, (Doc. 46), and Defendants' Motion to Strike Portions of the Plaintiff's Reply in Support of the Motion for Summary Judgment, (Doc. 56).

## I.   Background

Plaintiff is a resident of Pinal County and is employed by the Casa Grande Elementary School District. (Doc. 46 at 2.) Plaintiff owned her primary residence, which was located in Pinal County, until it was foreclosed upon in 2010. (*Id.*) As the owner of her primary residence, Plaintiff was obligated to pay homeowners' assessments to her homeowners' association (the "Association"). (*Id.*) After Plaintiff failed to pay her homeowners' assessments, an action was filed against her by the Association in the Casa Grande Justice Court of Pinal County. (Doc. 45 at 3–4.) The Association was granted

summary judgment in that action against Plaintiff. (*Id.* at 4.) The judgment awarded, among other things, the unpaid homeowners' assessments and "all reasonable costs and attorneys' fees incurred by [the Association] after entry of this judgment in collecting the amounts awarded therein." (*Id.*)

On January 31, 2017, Defendants commenced a garnishment action on behalf of the Association (the "Garnishment Action") by filing an Application for Garnishment in the Maricopa County Superior Court against Plaintiff's employer, the Casa Grande Elementary School District. (Doc. 46 at 2.) The Garnishment Action sought payment of the amount adjudged due, "including attorney fees and costs as may be awarded by [the] Court." (Doc. 45 at 4.) Defendants also filed an Application for Amount of Attorney Fees, a *China Doll* Affidavit in support of the Fee Application, and a statement of costs in the Garnishment Action to seek court approval of the fees and costs identified in the Application for Garnishment. (*Id.*)

On February 8, 2017, the Maricopa County Superior Court issued a Writ of Garnishment to Plaintiff's employer. (*Id.*) Plaintiff's employer submitted an Answer of Garnishee, and on February 21, 2017, the Maricopa County Superior Court approved the application for fees and statement of costs. (*Id.*)

On March 9, 2017, Plaintiff objected to and moved to quash the Writ of Garnishment and vacate the order approving the application for attorneys' fees and statement of costs on the grounds that they were filed in an improper venue. (*Id.* at 5.) The Maricopa County Superior Court denied the objection and both motions. (*Id.*)

On November 22, 2017, Plaintiff filed the First Amended Complaint, (Doc. 37). (*Id.*) In it, Plaintiff alleges that, by commencing a garnishment action and requesting post-judgment fees and costs in Maricopa County, Defendants violated § 1692i of the Fair Debt Collection Practices Act ("FDCPA"). (*Id.*) Plaintiff alleges that under § 1692i, Defendants were required to file the garnishment action and supporting papers in Pinal County. (*Id.*)

On March 12, 2018, Defendants filed the pending Motion for Judgment on the

Pleadings requesting that this Court grant judgment in favor of Defendants on all claims. (*Id.* at 11.) Plaintiff filed a brief in opposition to the Motion for Judgment on the Pleadings, (Doc. 51), as well as a Motion for Summary Judgment. Defendants filed a brief in opposition to the Motion for Summary Judgment, (Doc. 52), as well as a Motion to Strike Portions of Plaintiff's Reply in Support of the Motion for Summary Judgment.

## II.    Motion for Judgment on the Pleadings

### A.    Legal Standard

A motion for judgment on the pleadings under Federal Rule of Civil Procedure ("Rule") 12(c) is "functionally identical" to a Rule 12(b)(6) motion to dismiss. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 n.4 (9th Cir. 2011). Therefore, "the same standard of review applies to motions brought under either rule," *id.*, and "[a] judgment on the pleadings is properly granted when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law," *Nelson v. City of Irvine*, 143 F.3d 1196, 1200 (9th Cir. 1998) (citing *McGann v. Ernst & Young*, 102 F.3d 390, 392 (9th Cir. 1996)).

To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8. Rule 8 requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To meet this standard, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To have facial plausibility, a complaint must include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This analysis is "context-specific" and is driven by "judicial experience and common sense." *Id.* at 679.

In deciding a motion to dismiss, the Court must construe the facts alleged in the complaint "in the light most favorable" to the plaintiff. *Schlegel v. Wells Fargo Bank*, 720 F.3d 1204, 1207 (9th Cir. 2013) (quoting *Autotel v. Nev. Bell Tel. Co.*, 697 F.3d 846,

850 (9th Cir. 2012)); s*ee also Cafasso*, 637 F.3d at 1053 ("When considering a Rule 12(c) dismissal, we must accept the facts as pled by the nonmovant"). This same presumption, however, is not extended to legal conclusions: "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678. Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombley*, 550 U.S. at 555 (citing 5 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1202 (3d ed. 2004)).

### B.   Discussion

The FDCPA requires that:

> Any debt collector who brings any legal action on a debt against any consumer shall . . . bring such action only in the judicial district or similar legal entity—(A) in which such consumer signed the contract sued upon; or (B) in which such consumer resides at the commencement of the action.

15 U.S.C. § 1692i.[1]

Plaintiff alleges that Defendants violated § 1692i by bringing the Garnishment Action in Maricopa County, where Plaintiff neither signed a contract sued upon nor resided at the commencement of the action. (Doc. 37 at 3–4.) Plaintiff also alleges that Defendants violated § 1692i by seeking post-judgment fees and costs in Maricopa County. (*Id.* at 4.)

Defendants argue that the Garnishment Action and request for post-judgment fees and costs are actions "against" Plaintiff's employer, and not Plaintiff herself, so § 1692i does not apply to the Garnishment Action or the request for post-judgment fees and costs. (Doc. 45 at 6–11.)

### 1.   The Garnishment Action

The Court must first address whether the Garnishment Action was "against" Plaintiff as the judgment-debtor or "against" Plaintiff's employer as the garnishee. While

---

[1] 15 U.S.C. § 1692a(5) defines debt to include obligations that have been "reduced to judgment."

- 4 -

the Ninth Circuit has not answered this specific question, it has considered if a garnishment action may be subject to § 1692i. *See Fox v. Citicorp Credit Servs. Inc.*, 15 F.3d 1507, 1511 (9th Cir. 1994).

### a.     Applicability of *Fox*

In *Fox*, the Ninth Circuit addressed the meaning of the term "legal action" within § 1692i. *Id.* It ultimately held that "[t]he plain meaning of the term 'legal action' encompasses all judicial proceedings, including those in enforcement of a previously-adjudicated right." *Id.* at 1515 (citation omitted). As a garnishment action is an enforcement action, the Ninth Circuit found that a garnishment action is a legal action under § 1692i. *Id.*

Yet, in *Fox* the Ninth Circuit did not answer the question of who a garnishment action is "against." *See id.* Plaintiff argues that "*Fox*, however, expressly considered the adversarial nature of a garnishment proceeding against the judgment-debtor and consumer," (Doc. 51 at 4), when discussing the burdens consumers face when "having to defend against suits in 'distant or inconvenient' courts," *Fox*, 15 F.3d at 1515 (citing S. Rep No. 95-382, at 5 (1977)). While *Fox* did discuss the burdens consumers face when having to defend against a legal action in an inconvenient court, *Fox* discussed these burdens in the context of determining what a "legal action" was. *Id.* At no point did the discussion in *Fox* turn to whom a garnishment action is "against." *See id.*

*Fox*, in addition, is distinguishable from the case at bar. In *Fox*, the judgment-debtor did not have an opportunity to defend against the underlying action on their debt in a convenient venue because the debt collector had not filed the underlying action in the proper venue. *Id.* at 1510. Thus, in *Fox*, if the garnishment action had been allowed to proceed in an inconvenient venue, the judgment-debtor would have never had an opportunity to try their case in the proper venue. Here, it is undisputed that Plaintiff had the opportunity to try her underlying case in the proper venue of Pinal County. (*See* Doc. 51 at 2.) Therefore, Plaintiff was not "denied [her] day in court," and the same concerns held by the court in *Fox* do not apply to the case at bar. S. Rep. No. 95-382, at 5 (1977).

### b. Other Circuits and the Federal Trade Commission

Although the Ninth Circuit has not addressed the question presented in this case, other circuits have answered whether a garnishment action is "against" a judgment-debtor under § 1692i. Those circuits looked to the nature of the state's garnishment scheme and held that a garnishment action is not an action "against" a debtor under § 1692i, but is an action against the garnishee. *See, e.g.*, *Hageman v. Barton*, 817 F.3d 611, 617–18 (8th Cir. 2016) (holding an Illinois garnishment action is not "against" a judgment-debtor but instead is against the garnishee); *Jackson v. Blitt & Gaines, P.C.*, 833 F.3d 860, 864 (7th Cir. 2016) (same as above); *Ray v. McCullough Payne & Haan, LLC*, 838 F.3d 1107, 1111 (11th Cir. 2016) (holding a Georgia garnishment action is not "against" a judgment-debtor but instead is against the garnishee); *Smith v. Solomon & Solomon, P.C.*, 714 F.3d 73, 74–76 (1st Cir. 2013) (holding a Massachusetts garnishment action is not "against" a judgment-debtor but instead is against the garnishee).

In determining who a garnishment action is against, circuit courts have looked to the nature of the underlying state garnishment scheme for guidance. *Jackson*, 833 F.3d at 864. In *Jackson*, the Seventh Circuit held that a garnishment action is against the garnishee, in part, because: (1) Illinois law requires the garnishment summons be issued to and served upon the garnishee; (2) the judgment-debtor is only entitled to notice of the garnishment proceedings; (3) only the garnishee is required to respond to the garnishment proceedings; and (4) the garnishee may be found liable if it does not comply with the garnishment process. *Id.* Under Arizona's Garnishment scheme: (1) the garnishment summons is issued to and served upon the garnishee; (2) the judgment-debtor is only entitled to notice of the garnishment proceedings; (3) only the garnishee is required to respond to the garnishment proceedings; and (4) the garnishee may be found liable if it does not comply with the garnishment process. A.R.S. §§ 12-1598.04, 12-1598.08, 12-1598.13. Just like in *Jackson*, "[t]hese characteristics of an [Arizona] wage-garnishment action make clear to [the Court] that it is a legal proceeding *against an employer*, not a consumer." *Jackson*, 833 F.3d at 864 (emphasis in original).

Other circuits have also considered the concerns addressed in *Fox* regarding the burdens consumers would face by "having to defend against suits in 'distant or inconvenient' courts." *Fox*, 15 F.3d at 1515 (citation omitted). In some cases, the circuit courts found that these burdens did not apply to garnishment actions because the judgment-debtors were neither required to defend themselves in a garnishment proceeding nor even compelled to appear. *See, e.g.*, *Hageman*, 817 F.3d at 618 (finding that the duties of a garnishment action are imposed upon the garnishee, not the judgment-debtor); *Smith*, 714 F.3d at 75–76 (finding that the judgment-debtor is not compelled to defend themselves in a garnishment action); *Jackson*, 833 F.3d at 864 (finding that the garnishment action does not compel action from the judgment-debtor). In other cases, the circuit courts found that the judgment-debtors had already received an opportunity to defend themselves in a convenient forum in the original debt proceeding. *See, e.g.*, *Ray*, 838 F.3d at 1112 (finding that a judgment-debtor did not lose her opportunity to defend herself in a convenient forum when subject to a garnishment action in an inconvenient forum because "[t]he original suit to collect on the debt occurred in a forum that was convenient for [her]"). Here, Plaintiff is neither required to defend herself in the present garnishment proceeding nor compelled to appear, and Plaintiff already received an opportunity to defend herself in a convenient forum through the original debt proceeding. *See* A.R.S. §§ 12-1598.04, 12-1598.08, 12-1598.13; (Doc. 51 at 2.) Thus, the concerns addressed in *Fox* regarding the burdens of defending against suits in "distant or inconvenient courts" are not applicable here. *Fox*, 15 F.3d at 1515 (citation omitted).

The Federal Trade Commission's ("FTC") interpretation of § 1692i supports the contention that once a debtor has an opportunity to defend against a debt action in a convenient forum, a garnishment action for that debt may be initiated in another forum. *See* Statements of General Policy or Interpretation Staff Commentary On the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097-02, 50109 (Dec. 13, 1988) ("If a judgment is obtained in a forum that satisfies the requirements of [§ 1692i], it may be enforced in another jurisdiction, because the consumer previously has had the opportunity to defend

the original action in a convenient forum"). While the FTC interpretation is not binding on the Court, it is persuasive. *Romine v. Diversified Collection Servs., Inc.*, 155 F.3d 1142, 1147 (9th Cir. 1998); *see also Peak v. Prof'l Credit Serv.*, No. 6:14-CV-01856-AA, 2015 WL 7862774, at *5 (D. Or. Dec. 2, 2015) ("FTC interpretations of the FDCPA are entitled to 'considerable weight'" (citation omitted)). Here, because Plaintiff had the opportunity to defend herself in a forum that satisfied § 1692i, the concerns expressed by the Ninth Circuit in *Fox* are assuaged and the FTC's rationale for allowing a garnishment action in a different forum is applicable.

### c.     Other District Courts within the Ninth Circuit

Though the Ninth Circuit has not directly addressed who a garnishment action is against, district courts within the Ninth Circuit have answered this question. In *Muhammad v. Reese Law Group*, on a motion for summary judgment, the court found that § 1692i did not apply to a garnishment action because a garnishment action is "against" the garnishee rather than the judgment-debtor. No. 16CV2513-MMA (BGS), 2017 WL 4557194, at *7 (S.D. Cal. Oct. 12, 2017). In reaching its conclusion, the court in *Muhammad* followed a two-step process. *Id.* at *6–7. First, the court determined if the underlying judgment was obtained in the proper venue. *Id.* at *7. If the underlying judgment was not obtained in the proper venue, then the plaintiff could proceed on their FDCPA claim. *Id.* at *6. On the other hand, if the underlying judgment was obtained in the proper venue, as was the case in *Muhammad*, then the court could move on to the second step. *Id.* at *6–7. Second, the court examined state law to determine "whether an enforcement action is against a consumer or third party under the FDCPA's venue provision." *Id.* at *6. Similar to the courts in *Hagemen*, *Jackson*, *Ray*, and *Smith*, the court in *Muhammad* found that California's garnishment scheme "is fundamentally an action against the employer—not the consumer." *Id.* at *7. Because California's garnishment scheme is an action against the employer, the court determined that § 1692i did not apply to garnishment actions as long as the underlying judgment was obtained in compliance with § 1692i. *Id.*

*Cole v. Cardez Credit Affiliates, LLC* also discussed the two-step process in determining if a garnishment action was "against" the judgment-debtor or the garnishee. No. 1:14-CV-00077-REB, 2015 WL 1281651, at *7 (D. Idaho Mar. 19, 2015). In *Cole*, on a motion to dismiss for failure to state a claim and a motion for judgement on the pleadings, the court found that the first step of the two-step process was not satisfied because the underlying judgment was obtained in "a distant and inconvenient court, in a venue not proper under the FDCPA." *Id.* at *8. While the court in *Cole* did not engage in both steps of the two-step process, it did acknowledge that the two-step process "makes sense, notwithstanding *Fox*'s lack of clarity on the issue." *Id.* at *7. The court in *Cole* went on to say that if the underlying judgment was obtained in the proper venue under § 1692i that the two-step process "would more neatly apply and an examination of Idaho state law might be warranted." *Id.* at *8.

Here, applying the two-step process used by other districts in the Ninth Circuit, it is clear that § 1692i does not apply to the garnishment action at issue. First, Plaintiff does not contest the fact that the underlying judgment was obtained in the proper venue in compliance with § 1692i. (*See* Doc. 47 at 2.) Second, similar to the examination performed in *Muhammad* and the other circuit courts, an examination of Arizona's garnishment scheme shows that a garnishment action is against the garnishee, not the judgment debtor. *See supra* Part II.B.1.b. Thus, Plaintiff's claim that Defendants violated § 1692i by bringing the Garnishment Action on behalf of the Association in Maricopa County fails as a matter of law, and Defendants' Motion for Judgment on the Pleadings regarding the garnishment action is granted.

### 2. Post-Judgment Fees and Costs

Plaintiff also alleges that Defendants violated § 1692i by bringing a separate action on Plaintiff's debt when seeking court approval of post-judgment fees and costs in Maricopa County. (Doc. 37 at 4.) Defendant argues that the request for court approval of post-judgment fees and costs does not violate § 1692i because it is merely a procedural step in the Garnishment Action. (Doc. 45 at 9.) Defendant reasons that, because § 1692i

does not apply to the Garnishment Action, § 1692i should not apply to the request for post-judgment fees and costs that is simply a procedural step in the Garnishment Action. (*Id.*) Therefore, the Court must determine if Defendants' request for fees and costs was a separate action on a debt, or just a step in the underlying garnishment action.

The Supreme Court has made clear that garnishment actions are not wholly new actions, but are simply "supplemental proceedings" to satisfy the underlying judgments. *Endicott-Johnson Corp. v. Encyclopedia Press*, 266 U.S. 285, 288 (1924). In fact, the Supreme Court held that judgment-debtors subject to garnishment proceedings are not even entitled to due process because they received due process in the underlying action. *Id.*

The District of Arizona is in line with *Endicott-Johnson* holding that no due process is owed to a judgment-debtor in a garnishment proceeding because a garnishment proceeding is not a new action against a judgment-debtor. *Neeley v. Century Fin. Co. of Ariz.*, 606 F. Supp. 1453, 1461 (D. Ariz. 1985). Courts have gone so far as to hold that, absent a specific statute, the judgment-debtor's interest in a garnishment proceeding is "almost non-existent." *Id.* While the FDCPA may grant additional due process rights to individuals subject to garnishment actions, courts hold that seeking fees and costs in a garnishment action does not violate the FDCPA as long as a court approves of the specific amount sought. *Kinna v. Maxwell & Morgan PC*, No. CV-16-00909-PHX-JZB, 2017 WL 5992336, at *8–10 (D. Ariz. Dec. 1, 2017). Additionally, these applications for fees and costs do not need to be served "as a new complaint and summons," because they do not constitute a new action against the judgment-debtor. *Id.* at *11.

If Defendants had made a new demand on Plaintiff, § 1692i might apply. For example, in *Costa v. Maxwell & Morgan PC*, a debt collector sent a bill for post-judgment fees and costs directly to the judgment-debtor with no approval or oversight from the court. No. CV-15-00315-PHX-NVW, 2015 WL 3490115, at *1 (D. Ariz. June 3, 2015). There, the court found that the debt collector had violated the FDCPA "by demanding attorneys' fees not approved by a court." *Id.* at *6. Here, however, Defendants

submitted their request for post-judgment fees and costs to the court for approval. (Doc. 45 at 4.) Because Defendants submitted their request for fees and costs to the court, they did not demand attorneys' fees not approved by the court, and thus did not run afoul of *Costa*. *Costa*, 2015 WL 3490115, at *1.

In her Reply in Support of Plaintiff's Motion for Summary Judgment, (Doc. 55), Plaintiff argues that A.R.S. § 12-1580(E) is the "exclusive fee recovery remedy in garnishment proceedings and no contractual language [can] waiver it." (Doc. 55 at 5 (citing *Bennett Blum, M.D., Inc. v. Cowan*, 330 P.3d 961, 965–66 (Ariz. Ct. App. 2014).) However, A.R.S. § 12-1580(E) only applies to fees arising from "an objection to the writ of garnishment." A.R.S. § 12-1580(A). Here, the fees and cost sought were incurred pre-garnishment, so A.R.S. § 12-1580(E) does not limit Defendants' ability to collect.

A request for post-judgment fees and costs is not a new action against a debtor because a request for post-judgment fees and costs is "a request to a third party—the court—for consideration, not a demand to the debtor himself." *Zizlsperger v. Maxwell & Morgan, PC*, No. CV 11-01376-PHX-FJM, 2011 WL 5027034, at *2 (D. Ariz. Oct. 21, 2011), *aff'd*, 565 F. App'x 633 (9th Cir. 2014) (citation omitted). Here, the request for post-judgment fees and costs was not a new "demand to the debtor." *Id.* Instead, the request was simply seeking approval from the court for a specific amount of fees to satisfy a judgment already rendered. (Doc. 37-1 at 6–17.) Because the request for a specific amount of fees and costs was not a new demand on the debtor, the request for post-judgment fees and costs is not in violation of § 1692i. Thus, Plaintiff's claim that Defendants' request for approval of post-judgment fees and costs violated § 1692i fails as a matter of law, and Defendants' Motion for Judgment on the Pleadings regarding post-judgement costs and fees is granted.

### III.    Motion for Summary Judgment and Motion to Strike

Plaintiff filed a Motion for Summary Judgment in which she alleges that Defendants' garnishment action and request for post-judgment fees and costs are in violation of § 1692i. (Doc. 46 at 3–6.) As discussed above, these arguments fail as a

matter of law. *See supra* Part II.B.1–2.[2]

Plaintiff additionally argues that Defendants are debt collectors and thus subject to the FDCPA. (Doc. 46 at 6.) Because Plaintiff's FDCPA claims fail as a matter of law, the Court will not address whether Defendants are debt collectors.

Defendants filed a Motion to Strike Portions of the Plaintiff's Reply in Support of Motion for Summary Judgment. Because the arguments in Plaintiff's Motion for Summary Judgment either fail as a matter of law or are immaterial to the Court's analysis, the Court will deny Defendants' Motion to Strike as moot.

///

///

///

///

///

///

///

///

///

///

///

///

---

[2] Plaintiff also asserts, albeit passingly, that "post-judgment fees and costs are legally improper." (Doc. 46 at 5.) Yet, in support of this claim, Plaintiff fails to cite any cases within the District of Arizona. (*Id.*) Courts within the District of Arizona have repeatedly held that such post-judgment fees are proper and have awarded them. *See, e.g.*, *Kinna*, 2017 WL 5992336, at *9 (granting summary judgment and holding that an award of post-judgment fees and costs was proper); *Torrie v. Goodman Law Offices PC*, No. CV-13-02659-PHX-DGC, 2014 WL 5594452, at *5 (D. Ariz. Nov. 4, 2014) (granting summary judgment and holding that an award of post-judgment fees and costs was proper); *Bennett Blum*, 330 P.3d at 962–63 (holding that, in Arizona, an award of post-judgment fees and costs is proper). Therefore, Defendants' request for post-judgment fees and costs is proper in the District of Arizona.

IV. **Conclusion**

For the reasons stated above,

**IT IS ORDERED** that Defendants' Motion for Judgment on the Pleadings, (Doc. 45), is granted. The Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment, (Doc. 46), is denied.

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike Portions of Plaintiff's Reply in Support of Motion for Summary Judgment, (Doc. 56), is denied.

Dated this 25th day of July, 2018.

James A. Teilborg
Senior United States District Judge